**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

THE TRAVELERS INDEMNITY
COMPANY, et al.,

        Plaintiffs,

v.

THOMAS & BETTS CORPORATION,
et al.,

        Defendants.

Civil Action No. 13-6187 (MAS) (LHG)

**MEMORANDUM ORDER**

    This matter comes before the Court upon Defendant Liberty Mutual Insurance Company's ("Liberty Mutual") motion to enforce Defendant Thomas & Betts Corporation's[1] ("T&B") indemnity and defense obligations. (ECF No. 26.) T&B opposed the motion (ECF No. 29), and Liberty Mutual replied (ECF No. 30). The Court has carefully considered the parties' submissions and decided the matter without oral argument pursuant to Local Civil Rule 78.1.

    The Travelers Indemnity Company, The Travelers Indemnity Company of Connecticut (f/k/a The Travelers Indemnity Company of Rhode Island), and Travelers Casualty and Surety Company (f/k/a the Aetna and Surety Company) (collectively, "Plaintiffs") initiated this action against T&B, Liberty Mutual, and Affiliated FM Insurance ("Affiliated FM") seeking a declaration as to their defense and indemnitee obligations with respect to T&B arising out of underlying asbestos claims. Pursuant to the Settlement Agreement and Release ("Settlement Agreement") between Liberty Mutual and Amerace Corporation entered into on February 8, 1999, fourteen

---

[1] Defendant T&B was named individually and as successor by merger to Amerace Corporation ("Amerace").

years before this action was filed, Liberty Mutual's policy limits were exhausted. In light of the Settlement Agreement, Plaintiffs agreed to dismiss all claims against Liberty Mutual, without prejudice, and T&B agreed for the purposes of this litigation only "to assume all of the obligations of Liberty Mutual Insurance under the Liberty Mutual Insurance Policy, including but not limited to any amount allocable to Liberty Mutual Insurance" ("Stipulation and Order"). (Stipulation and Order ¶ 3, ECF No. 19.) In addition, the Stipulation and Order, signed by all parties and the Undersigned, stated that Liberty Mutual would "remain subject to the jurisdiction of the Court with respect to any discovery disputes or other matters relating to or arising from this Stipulation and Order." (*Id.* ¶ 5.)

Through its motion, Liberty Mutual is asking this Court to enforce the defense and indemnity provisions contained in the Settlement Agreement with respect to ongoing discovery costs in the present action. The Honorable Lois H. Goodman, U.S.M.J., specifically ordered Liberty Mutual and T&B to address the jurisdictional grounds upon which the Court may decide this motion. (ECF No. 25.) In support of its motion, Liberty Mutual argues that this Court has jurisdiction pursuant to the language of the Stipulation and Order and New Jersey's entire controversy doctrine. (Liberty Mutual's Br. 7-10, ECF No. 26-5.) T&B disputes Liberty Mutual's alleged basis for jurisdiction, arguing that the Settlement Agreement is not related to this litigation. (T&B's Opp'n Br. 5-6, ECF No. 29.)

"The proper forum in which to enforce a settlement agreement is the state court 'unless there is some independent basis for federal jurisdiction.'" *Nelson v. Pennsylvania*, 125 F. App'x 380, 382 (3d Cir. 2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 382 (1994)). "Federal courts are courts of limited jurisdiction." *Kokkonen*, 511 U.S. at 377. "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the

2

contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted). However, "[a] district court may have ancillary jurisdiction to enforce a settlement agreement if the court retains jurisdiction by a separate provision or by incorporating the terms of the settlement agreement into an order." *Nelson*, 125 F. App'x at 381-82.

Here, Liberty Mutual is not trying to enforce the terms of the Stipulation and Order between the parties. Instead, Liberty Mutual seeks to extend the jurisdiction the Court retained in the 2014 Stipulation and Order to the earlier separate Settlement Agreement between Liberty Mutual and T&B in 1999. This is a wholly, unrelated contract dispute between Liberty Mutual and T&B, and the Stipulation and Order did not incorporate the terms of the Settlement Agreement Liberty Mutual is seeking to enforce. In addition, Liberty Mutual's reliance on the entire controversy doctrine does not confer jurisdiction on this Court.

For the reasons set forth above, and other good cause shown,

**IT IS** on this 9th day of March, 2015, **ORDERED** that Defendant Liberty Mutual's motion to enforce Defendant T&B's indemnity and defense obligations (ECF No. 26) is **DENIED**.

<br>

                                                                    **MICHAEL A. SHIPP**
                                                                    **UNITED STATES DISTRICT JUDGE**